UNITED STATES BANKRUKPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

WARREN STANSBERRY, III,                          Case No. DG 10-09830
                                                 Hon. Scott W. Dales
                    Debtor.                       Chapter 7
_____/

JEFF A. MOYER, Trustee,

                    Plaintiff,                    Adversary Proceeding
                                                  No. 11-80450
v.

JOHN C. CARLYLE, JEFFREY W.
BESWICK and VARNUM, LLP,

                    Defendants.
_____/


OPINION REGARDING ABSTENTION


I.  INTRODUCTION

Chapter 7 Trustee Jeff Moyer (the "Plaintiff") commenced this adversary proceeding against John Carlyle, Jeffrey Beswick, and Varnum, LLP, (the "Defendants"), alleging that they committed legal malpractice and breached their fiduciary duties during their representation of Warren Stansberry, III (the "Debtor").  The Defendants filed an answer denying any wrongdoing and contending that they only represented a company that the Debtor and his sister jointly owned, and not necessarily the Debtor himself.  The Plaintiff and the Defendants have all timely demanded a jury trial, although the Defendants have not consented to jury trial before the United States Bankruptcy Court.

The Defendants also filed a Motion to Withdraw the Reference ("Withdrawal Motion") with the United States District Court for the Western District of Michigan, to which the Plaintiff concurred. The Honorable Robert J. Jonker denied the Withdrawal Motion without prejudice, emphasizing that the District Court for the Western District of Michigan, through its local rules and policies, has routinely conferred upon the bankruptcy court for the Western District of Michigan the maximum possible authority in all matters originating in, or related to, a bankruptcy proceeding, including whether to abstain from exercising jurisdiction under 28 U.S.C. § 1334(c). *See* Order dated November 29, 2011 (DN 16).

After considering Judge Jonker's directive, the parties' dual demand for a jury trial, their joint request for withdrawal of the reference, and the non-core nature of the Plaintiff's claims, this court invited the parties to prepare briefs regarding whether, under the circumstances, it should abstain from resolving their dispute under 28 U.S.C. § 1334(c)(1) (permissive abstention).[1] The court has reviewed these briefs and applicable authority, and makes the following findings favoring abstention.

## II. JURISDICTION

This court has jurisdiction over the bankruptcy case pursuant to 28 U.S.C. § 1334(a). The United States District Court for the Western District of Michigan has referred the Debtor's case and related proceedings, including this adversary proceeding, to the United States Bankruptcy Court. *See* 28 U.S.C. § 157(a) and L.Civ.R. 83.2(a) (W.D. Mich.). Indeed, Judge Jonker's Order ratified the reference and confirmed the court's authority to resolve numerous issues in this proceeding, including the question of abstention. *See* Order dated November 29, 2011 at p. 1 (recognizing this court's authority over "matters involving possible exercise of discretionary or mandatory abstention under 28 U.S.C. § 1334(c) . . .").

---

[1] The predicate for mandatory abstention does not exist in this case because there is no pending State proceeding.

III.  ANALYSIS

The Judicial Code gives the United States District Court (and by reference, this bankruptcy court) broad discretion to abstain from hearing matters over which it would otherwise have jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law . . ."  28 U.S.C. § 1334(c)(1).

The Supreme Court of the United States supports the restrained exercise of this discretion.  When discussing a bankruptcy court's control over the administration of an estate, the high court noted that the interests of the estate and the parties, and notions of comity, may properly lead a bankruptcy court to defer to a State court's concurrent jurisdiction.  *See Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483 (1940).  More recently, the Supreme Court extensively discussed the authority of bankruptcy courts, noting that Section 1334(c)(1) "provides that bankruptcy courts may abstain from hearing any proceeding, including core matters. . . ."  *Stern v. Marshall*, 131 S.Ct. 2594, 2620 (2011).

The Plaintiff and the Defendants generally agree on the factors the court should look to when considering permissive abstention.  *See* Brief for Plaintiff at 3 (accepting the Defendants' recitation of applicable authority).  In addition, the following factors have been identified by the United States Bankruptcy Court for the Southern District of Texas and courts within the Sixth Circuit as relevant to a court's decision to abstain from exercising jurisdiction:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
>
> (2) the extent to which State law issues predominate over bankruptcy issues;
>
> (3) the difficulty or unsettled nature of the applicable law;
>
> (4) the presence of a related proceeding commenced in State court or other nonbankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing State law claims from core bankruptcy matters to allow judgments to be entered in State court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties.

*In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987); *see also City of St. Louis v. Velsicol Chem. Corp.*, 708 F.Supp.2d 632, 659 (E.D. Mich. 2010); *Delphi Auto. Sys., LLC v. Segway, Inc.*, 519 F.Supp.2d 662, 670-72 (E.D. Mich. 2007).

First, as is their prerogative, the Defendants have withheld their consent to allow the bankruptcy court to enter a final order on the merits of this non-core proceeding. *See* 28 U.S.C. § 157(c). This means that the bankruptcy court would share the administration of this proceeding with the district court, particularly if the matter went to a jury. Given the nature of the claims and their prosecution in this adversary proceeding, this bifurcation invites inefficiency and delay. Moreover, given that the State court's jurisdiction in this matter is beyond question, it could conduct all proceedings, including the jury trial, in total. As a result, this matter, and thus the entire bankruptcy estate, would be administered in a more timely and efficient manner.

Second, this adversary proceeding depends almost exclusively on Michigan law governing an attorney's professional responsibility. Although the issues in this case are not so "unsettled" that a federal court would find them difficult to adjudicate, legal malpractice litigation has a tendency to regulate or affect the conduct of counsel. This has historically been a function within the States' hegemony. Similarly, the Plaintiff's contentions involve straightforward tort claims between parties who share Michigan citizenship. Aside from the Debtor's bankruptcy filing, there is no federal interest in the outcome of this dispute and no need to sever State law claims from federal claims. Furthermore, this non-core proceeding relates to pre-petition activity, and although the Plaintiff's cause of action is included within the property of the bankruptcy estate, the dispute is not directly related to estate administration or any federal interest or power.

As for the docket burden of the bankruptcy court compared with the State courts, candor requires the court to acknowledge that all court systems, State and federal, have encountered docket pressures resulting from the economic distress affecting our nation, our State, and our district. However, because bankruptcy courts are specialized tribunals designed to assist the public especially in hard times, it is reasonable to conclude that preserving bankruptcy court resources for matters requiring bankruptcy expertise is consistent with Congressional design, including as expressed in 28 U.S.C. § 1334(c)(1). Because this adversary proceeding involves non-core questions involving Michigan's professional responsibility statutes, and not bankruptcy issues, it seems consistent with Congressional intent for the court to abstain.

Looking to the next factor, forum shopping, during the pre-trial conference, Plaintiff's counsel asserted that the State court judges in Kent and Ottawa counties would probably favor Varnum and the other Defendants, given the firm's visibility in the local legal community.

Although the court has no basis to credit Plaintiff's counsel's suspicions and no interest in endorsing his disparaging view of the local judiciary, the court does infer that forum shopping affected the Plaintiff's decision to file suit in this federal forum. Nevertheless, it is not improper for attorneys to select venue as part of their litigation strategy, so the court is not inclined to put too much weight on this factor.

Finally, that all parties have asserted their jury trial rights, and that the court is neither accustomed to jury trials nor, without joint consent, permitted to conduct them, all favor abstention. In addition, even though the Debtor is not a party to this case, the bankruptcy estate, acting through its Trustee, is. As such, this proceeding is not one exclusively involving "non-bankruptcy" parties, which the court believes is the gist of the final abstention factor.

Consequently, most of the factors upon which courts typically rely when considering abstention clearly support staying the court's hand. Paramount considerations affecting the court's decision include the State law nature of this adversary proceeding, the high degree of remoteness to the administration of the bankruptcy case, and the parties' mutual demand for a jury trial.

IV. CONCLUSION

For the reasons discussed above and pursuant to 28 U.S.C. § 1334(c)(1), the court shall abstain from hearing this adversary proceeding and will prepare an order dismissing this matter without prejudice.

**IT IS SO ORDERED.**

**Dated January 25, 2012**



Scott W. Dales
United States Bankruptcy Judge